IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELLEN ZECHMAN, :
: C.A. No. 05-159 JJF
          Plaintiff, :
:
v. :
:
CHRISTIANA CARE HEALTH SYSTEMS, :
:
          Defendant. :

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Christiana Care Health Systems ("Defendant" or "Christiana Care"), through its attorneys, hereby answers the Complaint of Plaintiff Ellen Zechman ("Plaintiff") in accordance with its numbered paragraphs as follows:

1. The allegations in this paragraph contain conclusions of law and requests for relief to which no responsive pleading is required.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph.

3. Admitted.

4. The allegations in this paragraph contain conclusions of law and requests for relief to which no responsive pleading is required.

5. The allegations in this paragraph contain conclusions of law and requests for relief to which no responsive pleading is required.

6. The allegations in this paragraph contain conclusions of law and requests for relief to which no responsive pleading is required.

7. The allegations in this paragraph contain conclusions of law and requests for relief to which no responsive pleading is required.

8. The allegations in this paragraph contain conclusions of law and requests for relief to which no responsive pleading is required.

9. The allegations in this paragraph contain conclusions of law and requests for relief to which no responsive pleading is required. By way of further response, Christiana Care states that Right to Sue letters are written documents that speak for themselves.

## FACTUAL BACKGROUND

10. Admitted.

11. Admitted.

12. Defendant admits that Plaintiff was required to provide proof of her identity in connection with the commencement of her employment as a resident. The remaining allegations are denied.

13. Denied.

14. Defendant admits that Plaintiff was provided with ample opportunity to increase her surgical skills. The remaining allegations in this paragraph are denied.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, accordingly, the allegations are denied with strict proof thereof demanded at trial.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, accordingly, the allegations are denied with strict proof thereof demanded at trial.

17. Denied.

18. Denied.

19. Defendant admits that Plaintiff was informed that the Residency Review Committee was not satisfied with her surgical skills. Defendant also admits that Dr. Patruno as assigned as a mentor and that he conducted periodic meetings with Plaintiff and also acted as an instructor and as someone with whom Plaintiff could talk. The remaining allegations are denied.

20. Denied.

21. Denied.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, accordingly, the allegations are denied with strict proof thereof demanded at trial.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, accordingly, the allegations are denied with strict proof thereof demanded at trial.

24. Denied.

25. Defendant lacks knowledge or information sufficient to form a belief as to the symptoms, if any, that Plaintiff was experiencing on February 24, 2003. Defendant admits that she represented to Defendant that she suffered from a mixed connective tissue disorder.

26. Defendant admits that Plaintiff was hospitalized from February 25 to February 28, 2003. The remaining allegations are denied.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, accordingly, the allegations are denied with strict proof thereof demanded at trial.

28. Defendant admits that Plaintiff was required to take exams. The remaining allegations are denied.

29. Defendant lacks knowledge or information sufficient to form a belief as to the complaint referred to in this paragraph because Plaintiff does not identify the supervisor or the date of the alleged complaint. The remaining allegations are denied.

30. Defendant admits that Plaintiff asked Dr. Hochman for a letter of recommendation. The remaining allegations are denied.

31. The allegations in the paragraph purport to refer to a written document that speaks for itself.

32. The allegations in the paragraph purport to refer to a written document that speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff "believed." The remaining allegations are denied.

33. Defendant lacks knowledge or information sufficient to form a belief as to

4

whether Plaintiff has experience driving in Philadelphia or whether she got lost driving to a meeting on May 19, 2003. The remaining allegations are denied.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's alleged complaint to the ACGME. Defendant admits that Plaintiff was informed that she would not be offered a third-year residency contract and that she was told that she might be able to advance in the future if, among other things, her surgical skills improved. The remaining allegations are denied.

36. Denied.

37. Defendant admits that Plaintiff was given an individual training regimen under the direction of Dr. Hoffman and other supervising physicians. The remaining allegations are denied.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph and, accordingly, the allegations are denied with strict proof thereof demanded at trial. The remaining allegations are denied.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged symptoms and/or disability. Defendant admits that Plaintiff requested a seventy-two hour break (three consecutive days) in every fourteen day period. The remaining allegations are denied.

40. The allegations in this paragraph relate to written documents that speak for themselves.

41. Denied.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, accordingly, the allegations are denied with strict proof thereof demanded at trial.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, accordingly, the allegations are denied with strict proof thereof demanded at trial.

44. Defendant admits that it scheduled and provided Plaintiff with a regimen of skill improvement sessions, among other things, in order to improve Plaintiff's surgical skills. The remaining allegations are denied.

45. Denied.

46. Denied.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, accordingly, the allegations are denied with strict proof thereof demanded at trial.

48. Denied.

49. Denied.

50. Defendant admits that Plaintiff was required to submit a report from her physician regarding Plaintiff's request for an accommodation and that Dr. Ekbladh spoke with Plaintiff's physician. Defendant also admits that the Residency Review Committee

directed Plaintiff to meet with Dr. Judith Marcus for an evaluation of Plaintiff's mental and emotional status and its relation to Plaintiff's learning and job performance issues. The remaining allegations are denied.

51. Denied.

52. The allegations in this paragraph relate to written documents that speak for themselves.

53. Defendant admits that requests for leave must be made through proper channels. The remaining allegations are denied.

54. Denied.

55. Denied.

56. The allegations in this paragraph relate to written documents that speak for themselves.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding her symptoms and/or diagnosis. The remaining allegations are denied.

58. The allegations in this paragraph relate to written documents that speak for themselves.

59. Defendant admits that the job description for Plaintiff's residency position states that the position entails lifting. The remaining allegations are denied.

60. Defendant admits that Dr. Kaminski notified Plaintiff by telephone that her she was being dismissed from the program. By way of further answer, Plaintiff was notified in writing on September 30, 2003 that she was being dismissed for academic reasons.

61. The allegations in this paragraph relate to written documents that speak for themselves.

62. Defendant admits that the Residency Review Committee voted unanimously to dismiss Plaintiff for academic reasons. Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiff received its September 30, 2003 letter.

63. Defendant admits that Plaintiff was provided with information regarding Christiana's Fair Hearing Policy and procedures. The remaining allegations are denied.

64. Denied.

65. Denied.

66. Denied.

67. The allegations in this paragraph relate to written documents that speak for themselves.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70. The allegations in this paragraph relate to written documents that speak for themselves.

71. The allegations in this paragraph relate to written documents that speak for themselves.

## COUNT I

72. Defendant incorporates herein by reference its answers to paragraphs 1 through 71.

73. Admitted.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT II

78. Defendant incorporates herein by reference its answers to paragraphs 1 through 77.

79. Denied.

80. Denied.

81. Denied.

## COUNT III

82. Defendant incorporates herein by reference its answers to paragraphs 1 through 81.

83. Denied.

84. Denied.

85. Denied.

## COUNT IV

86. Defendant incorporates herein by reference its answers to paragraphs 1 through 85.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT V

93. Defendant incorporates herein by reference its answers to paragraphs 1 through 92.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## COUNT VI

98. Defendant incorporates herein by reference its answers to paragraphs 1 through 97.

99. Denied.

100. Denied.

101. Denied.

## COUNT VII

102. Defendant incorporates herein by reference its answers to paragraphs 1 through 101.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

## COUNT VIII

107. Defendant incorporates herein by reference its answers to paragraphs 1 through 106.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims for monetary relief are barred or diminished to the extent she has failed to mitigate her damages.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. To the extent Plaintiff is claiming discrimination or bringing any statutory claim, Plaintiff's claims are barred for failure to satisfy the statutory and/or jurisdictional prerequisites to the institution of an action under any such statute.

4. Plaintiff's demand for punitive damages is barred in whole or in part because Defendant has made good faith efforts to comply with anti-discrimination laws at all times and has adopted, publicized, and enforced policies against the type of discrimination alleged in the Complaint.

5. All actions taken with respect to Plaintiff were taken in good faith and without discriminatory, harassing or retaliatory motive and for legitimate, non-discriminatory reasons.

6. Defendant has in place a strong policy against discrimination and otherwise exercised reasonable care to prevent and correct promptly any discrimination, and Plaintiff unreasonably failed to take advantage of any preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

7. Defendant consulted with Plaintiff in a good faith effort to identify and make a reasonable accommodation for Plaintiff's alleged disability.

8. There is no private right of action under the Delaware statutes pursuant to which Plaintiff purports to bring her claims.

9. The accommodations or other relief sought by Plaintiff impose an undue hardship on the operation of Defendant's hospital and/or pose a health or safety of other individuals in the hospital.

10.  Defendant would have made the same decisions even in the absence of any impermissible factor.

11.  The Complaint fails to state a claim upon which relief can be granted, in whole or in part.

**WHEREFORE**, Defendant requests that the Court grant judgment in favor of Defendant and against Plaintiff on all claims and prayers for relief contained in the Complaint and award to Defendant its reasonable costs and attorneys' fees incurred in defending against this action.

/s/ David H. Williams
David H. Williams (#616) (dwilliams@morrisjames.com)
Jennifer L. Brierley (#4075) (jbrierley@morrisjames.com)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
P.O. Box 2306
Wilmington, DE 19899
302.888.6900/6848
fax: 302.571.1750

Michael J. Ossip
Thomas S. Bloom
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5543
fax: 877.432.9652

Dated: May 6, 2005

Attorneys for Defendant Christiana Care Health Systems

13

1167994/1

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELLEN ZECHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-159 JJF |
| ) | |
| CHRISTIANA CARE HEALTH ) | JURY TRIAL DEMANDED |
| SYSTEMS, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I, David H. Williams, hereby certify that on May 6, 2005, I electronically filed the attached **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** with the Clerk of Court using CM/EC which will send notification of such filing(s) to the following:

Jeffrey K. Martin, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

/s/ David H. Williams
David H. Williams (#616) (dwilliams@morrisjames.com)
Jennifer L. Brierley (#4075) (jbrierley@morrisjames.com)
MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900

Michael J. Ossip (mossip@morganlewis.com)
Thomas S. Bloom (tbloom@morganlewis.com)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5543

Dated: May 6, 2005

Attorneys for Defendant
Christiana Care Health Services, Inc.