Policy D-1 - Leaves of Absence

information as to the reason for the leave.

## A.    Job Guarantee

Employees who have been granted a leave of absence under the provisions of the FMLA will be guaranteed their position or an equivalent position provided their total leave time does not exceed twelve (12 ) weeks during the last twelve month rolling period, measured backward from the current leave.  This is the maximum entitlement under the FMLA.  The employee must also be physically capable of performing the essential functions of the position (with or without reasonable accommodations).  Medical leave can be granted for a period up to twenty four weeks in a twelve month rolling period, measured backward from the current FMLA leave, but the employee is not entitled to a job guarantee in the last twelve weeks of such leave.  In those cases, the Employment section of Human Resources will assist employees in applying for suitable, available positions within Christiana Care.

## B.    Coordination with Accrued Paid Leave Time

For an employee's own serious health condition, the employee may use accrued disability leave and/or paid leave time or go into unpaid status if paid leave and disability leave time are not available.  For the care of an immediate family member, the employee may use accrued paid leave or be in an unpaid status if paid leave is not available.

## C.    Benefit Coverage

1. Full time employees will be covered in the basic benefits program at not cost. Full time employees who participated in a higher leave of coverage prior to leave status may continue that coverage as long as they pay the difference between basic coverage and higher coverage.  Employees who participated in a lower level of coverage must continue that level of coverage in accordance with the terms of that coverage.
2. Part-time employees may continue current coverage by paying the cost of their coverage on the same basis as if actively employed.
3. WIP employees can continue current coverage on the same basis as if actively employed.
4. Leave time is considered as credited service for pension calculation purposes.
5. Disability leave and paid leave hours will only accrue when an employee is in an active pa status.

**B-0034**

## D.    Effect of Leave on Job Bidding

An employee in leave status is not permitted to apply for open positions.  If an employee is cleared to returned from a leave after twelve weeks, their position is no longer available, and does not wish to accept a position offered, the employee may apply for other available position at Christiana Care but there is no guarantee that the employee will be placed into that position.

Employees with medical limitations who can not return to their former positions due to limitation, will be permitted to bid on positions for which they are qualified and able to perform the essential functions of the position, with out without reasonable

Margolis Edelstein
Zechman, E. v. Christiana Care

accommodations.

Once the maximum leave time has expired and an employee has not secured a new position, the employee will be removed from payroll.

E.    **Effect of Leave on Merit Increases**

Employees on a leave of absence at the time of the common review date will receive their review upon return to active status. Such employees will be eligible for their merit increase effective the beginning of the pay period in which they return.

## VIII.  RETURN TO WORK

### 1. Twelve or less weeks of leave
An employee on leave for less than twelve weeks during a twelve month rolling period will be reinstated to their department and job or an equivalent job. The employee must also be physically capable of performing the essential functions of the position with or without reasonable accommodations All employees returning to work must be cleared for duty by Employee Health Services.

### 2. Great than 12 weeks of leave
There is no job guarantee for leaves of absences that exceed 12 weeks in rolling twelve-month calendar. The Employment section of the Human Resources department will meet with an employee returning from a leave of absence greater than twelve weeks, and will provide assistance in identifying and interviewing for positions that match their skills. Placement and selection will be based on availability of positions and qualifications. A similar process will occur with employees able to return to work but unable to perform the essential functions of the position held prior to leave with or without reasonable accommodations. In the latter case, Employee Health Services will consult with Human Resources to discuss work limitations and capabilities.

### 3. 24 weeks leave
Employees unable to return after 24 weeks leave in a rolling 12 month calendar, the maximum allowable time for leaves, will be terminated from payroll. When the employee is able to return to work, he/she can re-apply through the Employment section of Human Resources. Service credit rights described in policy A-3 shall apply.

**B-0035**

## IX.  PERSONAL FAMILY/MEDICAL LEAVES

Family/Medical leaves of absence of up to thirty days may also be requested by eligible employees to care for other family members not covered under the FMLA.

Employees granted a personal FMLA will be provided a 12 week job guarantee as long as they have not exceed 12 weeks of leave in a rolling 12 month period.

## X.  REDUCED SCHEDULE OR INTERMITTENT LEAVE

Margolis Edelstein
Zechman, E. v. Christiana Care
0303

Employees must make a reasonable effort to schedule any intermittent or reduced leave so as not to unduly disrupt Christiana Care's operations.

Christiana Care reserves the right to temporarily transfer an employee taking intermittent or reduced leave to an alternate position, with equivalent pay and benefits, if the alternate position is better able to accommodate recurring periods of absence.

If an employee takes Family/Medical Leave on an intermittent or reduced schedule, only the amount of leave taken will be counted toward the 12 weeks of leave. If an employee normally works part time, the amount of leave used will be calculated on a pro rata or proportional basis. If an employee's work schedule varies, the employee's normal pre-leave workweek will be determined by taking the average number of hours worked over the 12 weeks preceding the leave.

## XI. RESTRICTIONS ON MARRIED EMPLOYEES

A husband and wife who are both employed by Christiana Care may take a combined total of 12 weeks for a Family/Medical Leave in order to care for a newly arrived child or a sick parent. This restriction applies even if the spouses are employed at different work sites or locations. If Family/Medical Leave is requested because of the illness of a child or of the other spouse, however, each employee is entitled to 12 weeks of leave.

## XII. RESPONSIBILITIES

### A. Employer

Christiana Care will post, and keep posted, the notice set forth in Appendix A describing an employee's rights with respect to a Family/Medical Leave. The notice will be posted in a conspicuous location where it can be readily seen by employees and applicants for employment.

The following information will also be provided, in writing, to an employee upon a request for a Family/Medical Leave:

1. Notice that the leave will be counted against an employee's Family/Medical Leave entitlement;

2. Requirements for medical certification of a serious health condition and the consequences for failing to provide a certification;

3. The employee's right to use accrued paid leave;

4. Premium payment requirements for benefits and the method for making premium payments;

5. Fitness for duty requirement for re-employment;

**B-0036**

6. Rights for re-employment;

7. Employee's potential liability for health coverage premiums paid by Christiana Care during the leave if they employee fails to work; and

Margolis Edelstein
Zechman, E. v. Christiana Care
0304

Policy D-1 - Leaves of Absence

       8. Any additional entitlements and obligations.

## B. Employee Responsibility

An employee may request a leave of absence for family/medical reasons by completing the Request for Leave of Absence form and submitting a completed Certification of Healthcare Provider. These forms are available through he employee's department head or an Employee Relations Representative. The employee should submit the completed forms to the department head to secure approval.

Employees on medical leave must also submit medical documentation on a monthly or periodic basis to an Employee Relations Assistant. Employees should contact the Benefits section of the Human Resources department to discuss the effect of a leave on their benefit status.

---

*Appendix A*

## Employee Rights under the Family and Medical Leave Act (FMLA) of 1993

FMLA requires covered employers provide up to 12 weeks of unpaid, job-protected leave to "eligible" employees for certain family and medical reasons. Under the FMLA, employees are eligible if they have worked for a covered employer for at least one year, and for 1,250 hours over the previous 12 months, and if there are at least 50 employees within 75 miles.

### Reasons for Taking Leave

Unpaid leave must be granted for any of the following reasons:

- to care for an employee's child after birth, or placement for adoption or foster care;
- to care for an employee's spouse, son or daughter, or parent, who has a serious health condition; or
- for a serious health condition that makes an employee unable to perform their job.

At the employee's or employer's option, certain kinds of paid leave may be substituted for unpaid leave.

**B-0037**

### Advance Notice and Medical Certification

Employees may be required to provide advance notice of a leave and medical certification. Leaves of absence may be denied if requirement are not met.

- Employees must ordinarily provide 30 days advance notice when the leave is

Margolis Edelstein
Zechman, E. v. Christiana Care
0305

"foreseeable".

- An employer may require medical certification to support a request for leave because of a serious health condition, and may require second or third opinions (at the employer's expense) and a fitness for duty report to return to work

## Job Benefits and Protection

- For the duration of FMLA leave, the employer must maintain the employee's health coverage under any "group health plan".
- Upon return from FMLA leave, most employees must be restored to their original or equivalent positions with equivalent pay, benefits, and other employment terms.
- The use of FMLA leave cannot result in the loss of any employment benefit that accrued prior to the started of an employee's leave.

## Unlawful Acts by Employers

FMLA makes it unlawful for any employer to:

- interfere with, restrain, or deny the exercise of any right provided under FMLA.
- discharge or discriminate against any person for opposing any practice made unlawful by FMLA or for involvement in any proceeding under or relating to FMLA.

## Enforcement

- The U.S. Department of Labor is authorized to investigate and resolve complaints against violations.
- An eligible employee may bring a civil action against an employer for violations.

FMLA does not affect any Federal or State law prohibiting discrimination or supersede any State or local law or collective bargaining agreement which provides greater family or medical leave rights.


For Additional Information contact the nearest office of the Wage and Hour Division, listed in most telephone directories under U.S. Government, Department of Labro.

**B-0038**

Margolis Edelstein
Zechman, E. v. Christiana Care
0306

Policy D-1 - Leaves of Absence

**B-0039**

Margolis Edelstein
Zechman, E. v. Christiana Care
0307





**CHRISTIANA CARE**
HEALTH SYSTEM

Obstetrics and Gynecology Residency Program

4755 Ogletown-Stanton Road
PO Box 6001
Newark, Delaware 19718

302-733-6565 phone
302-733-3340 fax

September 4, 2003

Ellen Zechman, M.D.
34 east Newtown Place,
Newark. DE 19702

RE:  Upcoming rotations

Dear Dr. Zechman:

The following will be your upcoming assigned rotations.  In these rotations you will be a part of the regular team.

| | |
|---|---|
| Week of 9/8/03 | Gynecology |
| Week of 9/15 & 9/22/03 | Obstetrics |
| Week of 9/29/03 | Vacation |
| Week of 10/6/03 | Obstetrics |
| Week of 10/13, 10/20 & 10/27/03 | Triage |
| Week of 11/3, 11/10 & 11/17/03 | Float |

Please continue to be sure that your surgical evaluations are filled out and submitted by the attendings and that you continue to maintain your experience logs.  Your next evaluation will be on September 29, 2003.

We have still not received a written reply from Dr. Frasier inspite of numerous requests.  If you would like a local physician to do an evaluation please let us know.  Currently this ADA application is the only thing keeping from considering your special request due to disability.

Sincerely,

Lamar Ekbladh, M.D.
Acting Residency Program Director & Chair
Obstetrics and Gynecology

LE/slk

**B-0040**

Margolis Edelstein
Zechman, E. v. Christiana Care
0346

# Coastal Arthritis and Rheumatism Associates

## David D. Fraser, MA, MD, FACP, FACR

1406 Neuse Blvd.
New Bern, NC 28563
Phone (252) 634-9400
Fax   (252) 634-9841

1-888-441 CARA

1126 Kellum Loop Rd.
Jacksonville, NC 28546
(910) 577-0177
(910) 577-0183

www.coastalarthritis.com

# CONFIDENTIAL FAX COVER SHEET

Warning:    The information contained in this facsimile message, and any documents attached to it are confidential Protected Health Information (HPI) and may be legally privileged. It is intended solely for the use of the addressee and to be used only to aid in providing specific healthcare services to this patient. Access to this information by anyone else is unauthorized, a violation of Federal Law (HIPPA) and will be reported as such.

If you have received any portion of this facsimile in error, please immediately notify the sender at the phone number above and either return or destroy all copies of this transmission.

Thank you.

Date:

Attention:    _Sandy Cudas_

From:    _Dr. Fraser / Dorothy_

Number of Pages (including this page):    _3_

Comments:    _Ellen Zechman_

_faxed to both fax #'s —_
_( 302 - 733 - 1890_
_( 302 - 733 - 2990_

**B-0041**

_Dot_
_9-8-03_

Margolis Edelstein
Zechman, E. v. Christiana Care
0175

# CERTIFICATION OF HEALTH CARE PROVIDER
(Family and Medical Leave Act of 1993)

1.   Employee's Name:  *Ellen Huffman Zechman*

2.   Patient's Name (if different from employee):  *As Above*

3.   The attached sheet describes what is meant by a **"serious health condition"** under the Family and Medical Leave Act.  Does the patient's condition qualify under any of the categories described?  If so, please check the applicable category.

   (1)___  (2)___  (3)___  (4) ✓  (5)___  (6)___    **or**

   None of the above ___

4.   Describe the **medical facts** which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:

   *Chronic Condition :*

   *1. Continues over an extended period of time including recurring episodes of a single underlying condition*

   *2. May cause episodic periods of illness rather than continuing period of incapacity*

**B-0042**

Margolis Edelstein
Zechman, E. v. Christiana Care
0176

5. a.   State the approximate date the condition commenced, and the probable duration
       of the condition (and also the probable duration of the patient's present
       incapacity if different):

       *Exacerbation of Left Leg Numbness began Sept 20, 2003*

   b.   Will it be necessary for the employee to take work only intermittently or to
       work on a less than a full schedule as a result of the condition (including for
       treatment described in Item 6 below)? _____

       If yes, give the probable duration:    *This cannot be predicted*
       *each episode must be addressed with the problems*
       *presenting with that particular episode*

   c.   If the condition is a chronic condition (condition #4) or pregnancy, state
       whether the patient is presently incapacitated and the likely duration and
       frequency of episodes if incapacity:

       *Unknown for duration + frequency - each episode*
       *must be individually addressed.*

6. a.   If additional treatments will be required for the condition, provide an estimate of
       the probable number of such treatments.   *Unknown - treatments*
       *and interventions are directly related to exacerbations*
       *and problems particular*
       If the patient will be absent from work or other daily activities because of  *to each*
       treatment or on an intermittent or part-time basis, also provide an estimate of  *exacerbat*
       the probable number and interval between such treatments, actual or estimated
       dates of treatment if known, and period required for recovery, if any:

       *Unknown each treatment and duration*
       *of treatment is unique to the presenting*
       *problem with each exacerbation.*

   b.   If any of these treatments will be provided by another provider of health
       services (e.g., physical therapist), please state the nature of the treatments.

       *At times depending on the particular*
       *need of the presenting problem*



Margolis Edelstein
Zechman, E. v. Christiana Care
0177

c.  If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requiring special equipment):

*Patient is under supervision indefinately. Regimen of care is individualized to each exacerbation and cannot be predicted in advance.*

*1) Non steroidal Anti inflammatory Drugs   3. Muscle Relaxation - SOMA at Night*
*2) Occasional Prednisone*

7. a.  If medical leave is required for the employee's **absence from work** because of the **employee's own condition** (including absences due to pregnancy or a chronic condition), is the employee **unable to perform work** of any kind? _____

*This is individual and unique to the particular episod and cannot be predicted in advance.*

b.  If able to perform some work, is the employee **unable to perform any one or more of the essential functions of the employee's job** (please see the attached list of essential job functions)? _____ If yes, please list the essential functions the employee is unable to perform:

*This cannot be predicted in advance*

c.  If neither a. or b. applies, is it necessary for the employee to be **absent from work for treatment?** _____ *This is dependent on the episode and presenting problem at that time.*

N/A 8. a.  If leave is required to **care for a family member of the** employee with a serious health condition, does the patient **require assistance** for basic medical or personal needs or safety, or for transportation? _____

N/A b.  If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery? _____

**B-0044**

Margolis Edelstein
Zechman, E. v. Christiana Care
0178



**CHRISTIANA CARE**
HEALTH SYSTEM

Obstetrics and Gynecology Residency Program

4755 Ogletown-Stanton Road
PO Box 6001
Newark, Delaware 19718

302-733-6565 phone
302-733-3340 fax

To:    Ellen Zechman, M.D.

From:  Lamar Ekbladh, M.D; Chair and Acting Program Director

Date:  September 16, 2003

RE:    Request for Family/Medical Leave

Dear Dr. Zechman

It has been brought to our attention that you may need to take periods of intermittent leave. We need to determine if you are eligible for a Family and Medical Leave under the Family and Medical Leave Act of 1993 (FMLA).

Enclosed is a **Certificate of Healthcare Provider** that must be completed by your medical provider and returned to Employee Health Services by **(15 days from date of letter - Please fill in)** . This form is necessary to approve and process your Family and Medical Leave..

If proper documentation is received, your absences will be counted against your annual 12 week FMLA entitlement, effective with the first day that you were absent from work due to this condition.

If you have questions regarding FMLA or Christiana Care's Leave of Absence or Attendance policy, please contact Michelle Eklund, Employee Relations at (302) 733-1228. If you have questions about your position or meeting the deadline for returning your Certification form, please contact your supervisor directly.

cc:  Human Resources

**B-0045**

Margolis Edelstein
Zechman, E. v. Christiana Care
0163



# FAX COVER SHEET

ALLERGY & ASTHMA CLINIC OF NEW BERN
2417 NEUSE BLVD
NEW BERN, NC  28562 (252)636-2625 OR FAX(252)635-1530

ALLERGY & ASTHMA CENTER
3601 BRIDGES ST.
MOREHEAD CITY, NC,  28557 (252)726-9909 OR FAX (252)726-1161

| SEND TO | | From | |
|---|---|---|---|
| Company name _CCHS_ | | From _Gary M Gah MD, PhD_ | |
| Attention _Sandi Karolos_ | | Date | |
| Office location | | Office location | |
| Fax number _302 733 2990_ | | Phone number | |

# URGENT  URGENT  URGENT  URGENT  URGENT

Total pages, including cover _5_

COMMENTS

## CONFIDENTIALLY NOTICE

The documents accompanying this telecopy transmission contain confidential information belonging to the sender that is legally privileged.  This information is intended only for the use of the individual or entity named above.  The authorized recipient of this information is prohibited from disclosing this information to any other party and is required to destroy the information after its stated need has been fulfilled.

If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or action taken in reliance on the contents of these documents is strictly prohibited.  If you have received this telecopy in error, please notify the sender immediately to arrange for return of these documents.

**B-0046**

Margolis Edelstein
Zechman, E. v. Christiana Care
0349

*Sandi Kardos*
*302-733-299*

# CHRISTIANA CARE HEALTH SERVICES
## REQUEST FOR LEAVE OF ABSENCE

Date        *Sept 22, 2003*

Name        *Ellen Huffman Zechman*

Address     *34 Newtown Place*

            *Newark Delaware*

_____

Telephone   *302-738-1235*

I request leave:    ✓ Medical        _____ Personal

_____ for the birth or adoption of a child or for the placement of a child for foster care.

_____ to care for an immediate family member (circle one: spouse, child or parent) with one of the following serious health conditions (certificate required):

✓ because I am unable to work due to one of the following serious health conditions (certificate required):    *Note  on  File - submitted  by  Dr Fraser.*

_____ period of incapacity or treatment connected with inpatient care in a hospital, hospice or residential medical care facility.

_____ period of incapacity requiring absence of more than three (3) calendar days from work, school or other regular daily activities or any subsequent treatment/period of incapacity that also involves either continuing treatment by (or under the supervision of) a healthcare provider or treatment two or more times.

_____ any period of incapacity due to pregnancy or for prenatal care.

✓ any period of treatment for incapacity due to a chronic serious healthcare condition.

_____ any period of incapacity which is permanent or long term due to a condition for which treatment may not be effective and for which I am under continuing supervision of a healthcare provider.

B-0047

Margolis Edelstein
Zechman, E. v. Christiana Care
0350

_____ any period of absence to receive multiple treatments by a healthcare provider for surgery after an accident or injury or for a condition that would likely result in a period of incapacity of more than three consecutive calendar days if not treated.

Requested length of leave: _Undetermined at this time. probably intermittent LOA for ongoing intermittent problem._

Please provide the specifics regarding the reason for leave:

1. Documentation has already been provided from my primary physician Dr. Fraser Faxed to office Aug 2003.

2. Note for this exacerbation faxed from Dr. Frasers office on 9/22/03.

3. Pinched Spinal Nerve Causing numbness and loss of function in Left Lower Leg.

4. Primary problem : Mixed Connective tissue disease with multi joint involvement - Rheumatoid Arthritic changes to include the joints of the spine.

5. Leave needed to maximize medical therapy and minimize possible need for surgical intervention.

B-0048

Margolis Edelstein
Zechman, E. v. Christiana Care
0351

I understand that when my requested leave of absence is for birth or placement for adoption or foster care, it must conclude within 12 months of the birth or placement. Also, use of intermittent leave in such cases is subject to my employer's approval.

I understand that the following terms apply to my FMLA leave of absence:

- I have the option to use accrued paid leave and disability leave for my illness and paid leave only for personal leave.

- My employer will continue to maintain my group health insurance coverage if such coverage was provided before.

- Upon my return I will be restored to my original job or to an equivalent job with equivalent pay, benefits and other employment terms and conditions provided I do not exceed 12 weeks leave in a 12 month period measured backward from the current leave. I will not be entitled to any more rights, benefits, or employment beyond that to which I would have been entitled had I not taken FMLA leave.

- If I am a "key" employee, my employer may refuse to reinstate me upon my return, according to the specified and limited circumstances provided in FMLA of 1993.

I understand that I must request a leave of absence as far in advance as reasonably and practically possible. I must give 30 days notice of my need to use FMLA leave when the need is foreseeable. I understand that I will be required to provide medical certification to support my need for leave due to a serious health condition affecting me or an immediate family member. I also understand that my employer may require second and third medical opinions and period recertifications and I may be required to provide periodic reports during FMLA leave regarding my status and intent to return to work.

I understand that if FMLA leave is needed to care for my immediate family member or for my own illness, and it is for planned medical treatment, I must schedule treatment so that it will not unduly disrupt my employer's operation.

_Allen H. Zechman_
Employee's Signature

_Sept 22, 2003_
Date

**B-0049**

_____
Employer's Approval

_____
Date

Margolis Edelstein
Zechman, E. v. Christiana Care
0352

**COASTAL ARTHRITIS AND RHEUMATISM ASSOCIATES, PA**
DAVID D. FRASER, MA, MD, FACP, FACR
SHANNON SEMPLE, PA-C   NC #102808
1406 Neuse Blvd.   New Bern, NC 28563
252-634-9400 ◦ Fax 252-634-9841          D.E.A. #BF1618834
                                         D.E.A. #MS0455914

Date  9 / 22 / 03

Patient's Name  _Ellen Z_____  Age _____

Address _____

**Rx**                          Refill 0—1—2—3—4—_____
                                (Circle only one)

_[handwritten prescription]_

Product Selection Permitted        Dispense As Written , M.D.

Item 21881

B-0050

Margolis Edelstein
Zechman, E. v. Christiana Care
0353

CHRISTIANA CARE HEALTH SERVI... S
Department of Obstetrics and Gynecology
Resident Review Committee
September 29, 2003

**Present:** Paul Kaminski, MD; Garrett Colmorgen, MD; Lamar Ekbladh MD; Faith Brosch, MD; Anthony Bell, DO; Christin
Maynard, MD; Waleed Shalaby, MD; Robyn Gray, DO (chief resident).
**Excused:** Philip Shlossman, MD; Estelle Whitney, MD; Janice Tildon-Burton, MD Jeffrey Russell, MD; Gregory Demeo, DO
Moses Hochman, MD;

| Topic | Findings, Conclusions, & Recommendations | Actions & Follow-up | Pending/ Resolved |
|---|---|---|---|
| 1.  Call to Order | Lamar Ekbladh, MD, called to order a meeting of the Departmental Resident Review Committee on Thursday, September 29, 2003 at 5:30 p.m. in Room 1904 at Christiana Hospital. | No action necessary | Resolved |
| Confidential Agreement | Information that is discussed during this meeting is to be kept confidential. Suggestion was made to have the confidentiality form signed at each meeting to reinforce the statement. | Form to be brought to each meeting – On going | Resolved |
| 2.  Agenda Items | | | |
| Site Visit | Our review of 8/14 went well. The only issue was resident case numbers which was reflective of the graduating residents. Once we receive our accreditation we will move forward with the paperwork to increase our resident compliment. | Follow up from the ACGME sometime in October | Pending |
| New Member | Dr. Waleed Shalaby was added to the committee.  He is the director of GYN-Oncology. The committee welcomed him. | Informational | Resolved |
| Meeting Dates | Reviewed | Informational | Resolved |
| CREOG In-service | This will be done in two days with the PGY3's and PGY1's on Friday and the PGY2's and PGY4's on Saturday. | Informational | Resolved |
| Credentialing | Surgical eval forms – We discussed that the residents will not receive credit for the surgical case unless an evaluation form is turned in. No discission was made. We will be reviewing a more formal credentialing format to be introduced in the Spring. | Follow up Spring meeting | Pending |
| Mentors | The mentoring system for the PGY1's has been very successful.  Dr. Mulla received praise from her mentee. | Informational | Resolved |
| Class Concerns | Each year was reviewed.  All classes seem to be happy, working together and doing a good job.  The PGY2's have a huge concern over their 5th person, (ie. Where does she fit into their class, she seems to take educational experiences away from them, how does she fit into the call schedule, etc) | Informational  B-0051 | |
| ERAS – applicants | Dates for interviews were okayed. The night before the Wednesday interview days we will plan Journal Clubs, the other two nights we will have the residents take them out to dinner. | Informational | Resolved. |

Margolis Edelstein
Zechman, E. v. Christiana Care
0455

| | | | |
|---|---|---|---|
| | w  ry and have them meet with someone here with a similar interest. More personalize. | | |
| ACGME complaint letter | To date we still have not received any response regarding the complaint letter that we replied to. | Informational | Pending |
| **Resident Evaluation** | | | |
| Residents Presented for Evaluation | **Zechman** – Her performance is not at appropriate level. Her surgical skills are that of a PGY1. Very concerned about patient care/safety.<br>❖ As per last RRC meeting, she was to follow suggestions made by Dr. Marcus and she refused.<br>❖ Overall evaluation scores very low.<br>❖ Not performing at appropriate level<br>❖ Surgical skills are that of a PGY1<br>❖ Had a special rotation and mainstreamed and still below level<br>❖ No significant improvement with surgical skills.<br>❖ Very poor clinical judgment which leads to significant concerns about patient care<br>❖ Unreceptive to educational interaction, therefore very hard to work with and teach<br>❖ Overall this dismissal would be best for her<br><br>**PGY1's**<br>**Castagnola** – Danielle has doing a good job for the first quarter. A little slow/disorganized in clinic.<br>**Maderia** – Mostly been off-service. Very quiet but interested.<br>**Spiegel** – Knowledge base good. Enthusiastic.<br>**Uduhiri** – Kelechi has done a great job the first quarter.<br><br>**PGY2's** – This class is outstanding.<br>**Barlow** – Her surgical skills are great. She made an excellent call by reviewing a patients chart the others had missed. Great job.<br>**Hammond** – Short with people/nurses. Concern was noted about her depression. She did recently get a puppy and seems somewhat better. The committee agreed to watch her and note any changes.<br>**Dimichele** – Maturity level is excellent. Quiet.<br>**Likhyani** – Outstanding surgical hands.<br><br>PGY3's –<br>Kersh – Excellent job.<br>Kirifides – Clinical sense is great. He is doing a great job.<br>Heinle – Doing well, has gaps in basic knowledge base. Good student though, will read to find info – needs to be challanged. | On motion duly made and seconded, the motion to have Dr. Ellen Zechman dismissed from her position as PGY2 resident for academic reasons received majority approval with two abstained. | Pending |

B-0052

Margolis Edelstein
Zechman, E. v. Christiana Care
0456

| | | | |
|---|---|---|---|
| | F    l's – Outstanding group – has brought the residency back together.<br>**Naqvi** – Doing a great job.<br>**Sturrock** – Very good clinically.   Excellent laparoscopic skills.<br>**Deluca** – Doing well.<br>**Gray** – Has went above and beyond as administrative chief resident.  Surgical skills excellent. | | |
| **8 Meeting adjourned** | Meeting was adjourned at 6:45.    Next meeting will be held on January 26, 2004 at 5:30PM in room 1904. | Informational | Resolved |

Respectfully submitted,

Sandi Kardos                          Lamar Ekbladh, M.D.
Coordinator                           Chair and Acting Program Director

B-0053

Margolis Edelstein
Zechman, E. v. Christiana Care
0457

Sent Reg. Mail
10/2/03
/sk

**CHRISTIANA CARE**
HEALTH SYSTEM

Obstetrics and Gynecology Residency Program

4755 Ogletown-Stanton Road
PO Box 6001
Newark, Delaware 19718

September 30, 2003

302-733-6565 phone
302-733-3340 fax

Ellen Zechman, M.D.
34 east Newtown Place,
Newark. DE 19702

Dear Dr. Zechman:

At the September 29, 2003 meeting of the Residency Review Committee of the
Department of Obstetrics and Gynecology, it was the unanimous decision of the members
of the committee to dismiss you for academic reasons. It was the opinion of the
committee that your academic performance was well below average for a resident at the
PGY2 level. Factors that were involved in this decision included:

- Overall evaluation scores very low
- Surgical skills are that of a PGY1
- Failure to meet a special rotation and mainstreaming resulted in performance
  which is still below expected level
- No significant improvement with surgical skills.
- Very poor clinical judgment which leads to concerns about patient care and safety
- Unreceptive to educational interaction, therefore very hard to work with and teach

Enclosed you will find a copy of the Fair Hearing Policy. Please note the process for
requesting of a Fair Hearing. Within 7 days of receipt of this letter notice of your intent
to request a Fair Hearing must be received by the office of Academic Affairs, in writing.
This notice must be sent via registered certified mail.

Sincerely,

Lamar Ekbladh

Lamar Ekbladh, M.D.
Acting Residency Program Director & Chair
Obstetrics and Gynecology

LE/slk

cc:     Brian W. Little, MD
        DIO and Chair – GMEC Committee
Enclosure     Academic Affair

**B-0054**

GME office
733- 1042

Margolis Edelstein
Zechman, E. v. Christiana Care
0359

PRACTICE LIMITED
TO
OBSTETRICS-GYNECOLOGY

*Maternity Associates, P. A.*

JOHN C. CARLSON, D.O.
RENEE M. BENDER, D.O.
33 THE COMMONS
3524 SILVERSIDE ROAD
WILMINGTON, DELAWARE 19810

PHONE (302) 478-7973
FAX (302) 478-2746

October 6, 2003

Dr. Brian Little
Office of Academic Affairs
Christiana Care
4755 Ogletown-Stanton Rd.
Newark, DE 19710

Dear Dr. Little:

I have known Ellen for approximately two years, during which
time I have had contact with her in the Triage area, and on
several cases in the O.R. Most of these cases have been
Cesarean Sections.

During this time she has performed at what I thought her level
should be as a resident. Unfortunately, she has not scrubbed
with me on alot of cases. Her follow-up CARE has also been
what I thought to be at an acceptable level for her year in her
residency. She has always been friendly to me on the phone,
and has given me the information I have needed about patients
(probably even more information than I needed), when she sees
my patients in the Triage area.

I hope this helps you. If you have any questions, you may
contact me at my office.

Yours Truly,

John C. Carlson, D.O.

JC/hbr

cc: Dr. Ellen Zechman
    1608 Tryon Rd.
    New Bern, NC 28560

**B-0055**

Margolis Edelstein
Zechman, E. v. Christiana Care
0077



**CHRISTIANA CARE**
HEALTH SERVICES

4755 Ogletown-Stanton Road
PO Box 6001
Newark, Delaware 19718-6001
October 1, 2004

Ms. Evangaline Draper Hawthorne
Equal Employment Opportunity Commission
Philadelphia District Office
21 S. Fifth Street
Suite 400
Philadelphia, PA 19106-2515

RE: Zechman vs Christiana Care
    Charge number: 170-2004-01136

Dear Ms. Draper Hawthorne,

Per your request, I am providing the additional information you requested regarding Dr.
Zechman's charge.

1) A workforce analysis of the Residency Program was previously provided with
   the position statement, which was sent on September 15, 2004. I have
   attached another copy for your review. **(See Exhibit 1)**

2) There have been no other Resident Physicians that have been dismissed for
   poor performance or academic reasons in the past two years.

For the reasons set forth earlier in our position statement, it is clear that Dr. Zechman was
terminated from her position for academic reasons and as a result of her inability to meet
the performance expectations. Her allegations of age and disability discrimination and
retaliation are completely false and should be promptly dismissed.

Please feel free to contact me at 302-733-1228 if you should need any additional
information.

Sincerely,

Michelle Eklund

Michelle Eklund
Employee Relations Representative

**B-0056**

D0373
CONFIDENTIAL

Residents.xls

| Last Name | Fname | Cost Center | Title | DOB | Age | Gender | Race | Hire Date |
|---|---|---|---|---|---|---|---|---|
| ACHI | MAY | 45290 | PHARMACIST RESIDENT | 07/06/1978 | 26 | F | B | 06/22/2003 |
| ACOSTA | RIGOBERTO | 45290 | RESIDENT | 05/06/1975 | 29 | M | E | 06/22/2003 |
| ADAMOPOULOS | NANCY | 45290 | RESIDENT | 08/28/1974 | 30 | F | C | 07/01/2001 |
| ADKINS | ERIC | 45290 | RESIDENT | 03/04/1975 | 29 | M | C | 06/23/2002 |
| AFAQ | MAZHAR | 45290 | RESIDENT | 04/05/1973 | 31 | M | O | 07/01/2001 |
| AMOROSO | GINA | 45290 | RESIDENT | 01/26/1977 | 27 | F | C | 06/22/2003 |
| ARCHER | CASSANDRA | 45290 | RESIDENT | 03/30/1975 | 29 | F | C | 07/01/2001 |
| ASSADI | BAHAREH | 45290 | RESIDENT | 01/03/1974 | 30 | F | C | 06/23/2002 |
| ASWEGAN | ANDREW | 45290 | RESIDENT | 03/22/1975 | 29 | M | C | 06/23/2002 |
| BARNHART | MATTHEW | 45290 | RESIDENT | 04/05/1974 | 30 | M | C | 06/22/2003 |
| BAUER | KAREN | 45290 | RESIDENT | 06/18/1976 | 28 | F | C | 06/23/2002 |
| BENNETT | DOUGLAS | 45290 | RESIDENT | 11/17/1960 | 44 | M | C | 07/01/2001 |
| BISHOP | TAURANCE | 45290 | RESIDENT | 12/27/1975 | 29 | M | B | 06/22/2003 |
| BONILLA | LUIS | 45290 | RESIDENT | 11/06/1975 | 29 | M | L | 06/23/2002 |
| BOYACK | DARREN | 45290 | RESIDENT | 09/17/1971 | 33 | M | C | 06/23/2002 |
| BRADBURRY | CHRISTOPHER | 45290 | RESIDENT | 09/12/1974 | 30 | M | C | 07/01/2001 |
| BRAR | VIKRAM | 45290 | RESIDENT | 05/13/1977 | 27 | M | O | 06/22/2003 |
| BREYER | KLEMENTYNA | 45290 | RESIDENT | 02/05/1975 | 29 | F | C | 06/23/2002 |
| BRODEUR | MARK | 45290 | RESIDENT | 08/17/1969 | 35 | M | C | 07/01/2001 |
| BROUSSARD | MARQUE | 45290 | RESIDENT | 12/30/1971 | 33 | M | B | 06/22/2003 |
| BUCK | JULIE | 45290 | RESIDENT | 04/22/1969 | 35 | F | C | 07/01/1999 |
| BURKHART | MELISSA | 45290 | RESIDENT | 08/09/1977 | 27 | F | C | 06/22/2003 |
| CARPENTER | CORY | 45290 | RESIDENT | 05/26/1973 | 31 | M | C | 06/23/2002 |
| CARROLL | JAMES | 45290 | RESIDENT | 08/11/1970 | 34 | M | C | 06/23/2002 |
| CARTER | JOCHEBED | 45290 | RESIDENT | 11/03/1966 | 38 | F | B | 07/01/2001 |
| CASTAGNOLA | DANIELLE | 45290 | RESIDENT | 06/25/1977 | 27 | F | C | 06/22/2003 |
| CAVENG JR | ROCCO | 45290 | RESIDENT | 05/21/1975 | 29 | M | C | 06/22/2003 |
| CHANG | SANDY | 45290 | RESIDENT | 09/23/1976 | 28 | F | O | 06/22/2003 |
| CHRZANOWSKI | STEPHEN | 45290 | RESIDENT | 07/24/1962 | 42 | M | C | 06/23/2002 |
| COLLIS-COWITCH | AMY | 45290 | RESIDENT | 08/02/1976 | 28 | F | C | 06/23/2002 |
| CRISCIO | MARSHA | 45290 | RESIDENT | 05/01/1973 | 31 | F | E | 06/23/2002 |
| DAHANAYAKE | THINESH | 45290 | RESIDENT | 03/23/1978 | 26 | M | O | 06/22/2003 |
| DALAWARI | JASDEEP | 45290 | RESIDENT | 08/26/1976 | 28 | M | O | 07/01/2000 |
| DALAWARI | PREETI | 45290 | RESIDENT | 10/14/1978 | 26 | F | O | 06/22/2003 |
| DAM | ANH | 45290 | RESIDENT | 05/06/1971 | 33 | M | O | 07/01/1999 |
| DEJESUS | RICARDO | 45290 | RESIDENT | 06/16/1974 | 30 | M | S | 07/01/2000 |
| DELPIER | MICHELE | 45290 | RESIDENT | 06/15/1968 | 36 | F | C | 06/23/2002 |
| DELUCA | SAMANTHA | 45290 | RESIDENT | 05/08/1967 | 37 | F | C | 07/01/2000 |
| DIDIE | WILLIAM | 45290 | RESIDENT | 05/10/1972 | 32 | M | C | 07/01/2000 |
| DIMICHELE | ANDREA | 45290 | RESIDENT | 10/31/1972 | 32 | F | C | 07/01/2000 |
| DIOGUARDI | PHYLLIS | 45290 | RESIDENT | 12/05/1968 | 36 | F | C | 06/22/2003 |
| DIXON | ETOSHA | 45290 | RESIDENT | 09/22/1975 | 29 | F | B | 07/01/2001 |
| DOMOND | YOLANDA | 45290 | RESIDENT | 07/15/1975 | 29 | F | B | 06/22/2003 |
| DONAHUE | KERRI | 45290 | RESIDENT | 05/11/1975 | 29 | F | C | 06/22/2003 |
| DORFMAN | JUSTIN | 45290 | RESIDENT | 12/26/1974 | 30 | M | C | 06/23/2002 |
| EDWARDS | JOHN | 45290 | RESIDENT | 05/09/1969 | 35 | M | C | 07/01/1999 |
| ELLIOTT | DANIEL | 45290 | RESIDENT | 11/01/1975 | 29 | M | C | 07/01/2001 |
| FALLER | ALICIA | 45290 | RESIDENT | 05/19/1976 | 28 | F | C | 06/22/2003 |

**B-0057**

D0374
CONFIDENTIAL

Residents.xls

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| FARLEY | HEATHER | 45290 | RESIDENT | 02/22/1975 | 29 | F | C | 06/23/2002 |
| FISHER | BRANDON | 45290 | RESIDENT | 04/23/1970 | 34 | M | C | 07/01/2001 |
| FISS | JOHN | 45290 | RESIDENT | 11/29/1974 | 30 | M | C | 07/01/2001 |
| FONG | STEVEN | 45290 | RESIDENT | 10/19/1969 | 35 | M | O | 07/01/2000 |
| FONTANILLA JR | LARRY | 45290 | RESIDENT | 06/30/1973 | 31 | M | O | 07/01/1999 |
| FOX | ADAM | 45290 | RESIDENT | 11/04/1970 | 34 | M | C | 06/23/2002 |
| GAIESKI | DAVID | 45290 | RESIDENT | 12/18/1957 | 47 | M | C | 07/01/2001 |
| GANJAVIAN | SYAMACK | 45290 | RESIDENT | 09/13/1975 | 29 | M | C | 06/22/2003 |
| GAZZE | REBECCA | 45290 | RESIDENT | 10/23/1975 | 29 | F | C | 06/22/2003 |
| GERACIMOS | EVA | 45290 | RESIDENT | 11/02/1977 | 27 | F | C | 06/22/2003 |
| GILDAY | DANIEL | 45290 | RESIDENT | 07/10/1974 | 30 | M | C | 07/01/2001 |
| GILL | RHONDA | 45290 | RESIDENT | 08/19/1977 | 27 | F | C | 06/22/2003 |
| GILLIS | JOHN | 45290 | RESIDENT | 04/07/1972 | 32 | M | C | 07/01/2000 |
| GOLDMAN | GENNIFER | 45290 | RESIDENT | 05/26/1972 | 32 | F | C | 06/22/2003 |
| GOODWICH | RONALD | 45290 | RESIDENT | 04/22/1975 | 29 | M | C | 06/22/2003 |
| GRANGER | JOHN | 45290 | RESIDENT | 11/15/1966 | 38 | M | E | 06/22/2003 |
| GRAVES | JONNA | 45290 | RESIDENT | 05/30/1977 | 27 | F | C | 06/22/2003 |
| GRAY | ROBYN | 45290 | RESIDENT | 03/09/1972 | 32 | F | C | 07/01/2000 |
| GREENSHIELDS | ANDREW | 45290 | RESIDENT | 06/29/1965 | 39 | M | C | 07/01/2000 |
| GUILBERT | DAVIS | 45290 | RESIDENT | 11/08/1973 | 31 | M | C | 06/23/2002 |
| HAMMOND | SHARICE | 45290 | RESIDENT | 06/07/1973 | 31 | F | C | 06/23/2002 |
| HANDS | KATHLEEN | 45290 | RESIDENT | 06/20/1956 | 48 | F | C | 07/16/2001 |
| HAQUE | AAISHA | 45290 | RESIDENT | 12/11/1978 | 26 | F | O | 06/23/2002 |
| HEINLE | RACHEL | 45290 | RESIDENT | 03/03/1975 | 29 | F | C | 07/01/2001 |
| HENRY | MICHAEL | 45290 | RESIDENT | 12/03/1974 | 30 | M | C | 06/23/2002 |
| HESS BARLOW | JENNIFER | 45290 | RESIDENT | 11/17/1975 | 29 | F | C | 06/23/2002 |
| HOBGOOD | LACY | 45290 | RESIDENT | 09/15/1975 | 29 | M | C | 06/22/2003 |
| HORVATH | JESSICA | 45290 | RESIDENT | 04/07/1977 | 27 | F | C | 06/22/2003 |
| HOSMANE | VINAY | 45290 | RESIDENT | 05/17/1973 | 31 | M | O | 06/23/2002 |
| HSU | KEVIN | 45290 | RESIDENT | 10/04/1976 | 28 | M | O | 06/22/2003 |
| HUSAIN | MOHSIN | 45290 | RESIDENT | 02/07/1974 | 30 | M | O | 07/01/2001 |
| HUSSAIN | SYEDA | 45290 | RESIDENT | 01/17/1977 | 27 | F | O | 09/14/2003 |
| HUTFLESS | RYAN | 45290 | RESIDENT | 07/24/1975 | 29 | M | C | 06/22/2003 |
| HUTTON | THERON | 45290 | RESIDENT | 10/23/1974 | 30 | M | C | 06/22/2003 |
| JACOB | BINU | 45290 | RESIDENT | 02/05/1973 | 31 | F | O | 06/22/2003 |
| JADALI | SEYEDMEHDI | 45290 | RESIDENT | 04/15/1966 | 38 | M | C | 07/01/2000 |
| JANNEY | BRIAN | 45290 | RESIDENT | 03/20/1964 | 40 | M | C | 07/01/2001 |
| JAVID | HALEEMA | 45290 | RESIDENT | 05/24/1976 | 28 | F | O | 06/22/2003 |
| JOHNSON | MELISSA | 45290 | RESIDENT | 02/17/1974 | 30 | F | C | 07/01/2001 |
| JOHNSON | JEFFREY | 45290 | RESIDENT | 05/25/1973 | 31 | M | C | 07/01/2001 |
| JOHNSON | MICHEAL | 45290 | RESIDENT | 10/16/1969 | 35 | M | C | 07/01/1999 |
| JORDAN | MICHELLE | 45290 | RESIDENT | 11/06/1975 | 29 | F | C | 06/22/2003 |
| KANE | COLIN | 45290 | RESIDENT | 04/11/1974 | 30 | M | C | 06/23/2002 |
| KENNEDY | ALEXANDER | 45290 | RESIDENT | 06/26/1972 | 32 | M | C | 07/01/2001 |
| KERSH | STEFANIE | 45290 | RESIDENT | 11/28/1974 | 30 | F | C | 07/01/2001 |
| KHAN | AHMAD | 45290 | RESIDENT | 04/06/1972 | 32 | M | O | 07/01/1999 |
| KHAN | SAIMA | 45290 | RESIDENT | 08/27/1975 | 29 | F | O | 06/22/2003 |
| KHANNA | AMIT | 45290 | RESIDENT | 05/12/1977 | 27 | M | O | 09/29/2003 |
| KING | TAMIKA | 45290 | RESIDENT | 08/22/1976 | 28 | F | B | 06/22/2003 |
| KINKEL | KAREN | 45290 | RESIDENT | 10/21/1977 | 27 | F | C | 06/22/2003 |
| KIRIFIDES | ALEXANDER | 45290 | RESIDENT | 04/09/1965 | 39 | M | C | 07/01/2000 |
| KOLODY | ALLISON | 45290 | RESIDENT | 07/28/1974 | 30 | F | C | 07/01/2001 |

Residents.xls

| KRAFCHICK | MICHAEL | 45290 | RESIDENT | 07/16/1971 | 33 | M | C | 06/23/2002 |
|---|---|---|---|---|---|---|---|---|
| KRAUT | JONATHAN | 45290 | RESIDENT | 05/21/1967 | 37 | M | C | 07/01/1999 |
| LAROCCO | BRIAN | 45290 | RESIDENT | 02/10/1977 | 27 | M | C | 06/22/2003 |
| LAWRENCE | JOHN | 45290 | RESIDENT | 03/17/1976 | 28 | M | C | 06/23/2002 |
| LE | RICHARD | 45290 | RESIDENT | 01/01/1974 | 30 | M | O | 06/23/2002 |
| LEIBRANDT | PAUL | 45290 | RESIDENT | 10/05/1975 | 29 | M | C | 06/22/2003 |
| LIKHYANI | OONA | 45290 | RESIDENT | 11/05/1976 | 28 | F | O | 06/23/2002 |
| LIN | SUSAN | 45290 | RESIDENT | 07/26/1976 | 28 | F | O | 06/22/2003 |
| LIU | QING | 45290 | RESIDENT | 09/10/1964 | 40 | F | O | 06/23/2002 |
| LOTTES | MARK | 45290 | RESIDENT | 05/29/1956 | 48 | M | C | 04/07/2003 |
| MADERIA | LEAH | 45290 | RESIDENT | 04/10/1979 | 25 | F | C | 06/22/2003 |
| MANASAWALA | MOHAMMED | 45290 | RESIDENT | 04/15/1977 | 27 | M | O | 06/22/2003 |
| MARSDEN | AUDREY | 45290 | PHARMACIST RESIDENT | 12/03/1978 | 26 | F | C | 06/22/2003 |
| MARTUCCI | J. | 45290 | RESIDENT | 12/03/1974 | 30 | M | C | 06/23/2002 |
| MATHAI | CYBELE | 45290 | RESIDENT | 04/17/1975 | 29 | F | O | 07/01/2002 |
| MATHEW | THOMAS | 45290 | RESIDENT | 06/05/1977 | 27 | M | O | 06/22/2003 |
| MATTHEWS | PATRICK | 45290 | RESIDENT | 12/16/1976 | 28 | M | C | 06/22/2003 |
| MCGHEE | KAREN | 45290 | RESIDENT | 08/14/1974 | 30 | F | C | 07/01/2001 |
| MCKENNA | CRISTIN | 45290 | RESIDENT | 07/20/1971 | 33 | F | C | 06/22/2003 |
| MCMARLIN | ANDREW | 45290 | RESIDENT | 03/17/1969 | 35 | M | E | 06/22/2003 |
| MEGARY | TIFFANY | 45290 | RESIDENT | 11/18/1971 | 33 | F | C | 07/01/2001 |
| MEHRING | COLLETTE | 45290 | RESIDENT | 11/26/1973 | 31 | F | C | 06/22/2003 |
| MILLER | KOREN | 45290 | RESIDENT | 02/19/1973 | 31 | F | C | 07/01/2001 |
| MINDADZE | NIKOLAY | 45290 | RESIDENT | 01/21/1957 | 47 | M | O | 10/01/2001 |
| MITTAL | TINA | 45290 | RESIDENT | 05/26/1977 | 27 | F | O | 06/22/2003 |
| MOELLER | AMY | 45290 | RESIDENT | 09/25/1973 | 31 | F | C | 06/23/2002 |
| MOEN | CHRISTOPHER | 45290 | RESIDENT | 10/01/1976 | 28 | M | C | 06/23/2002 |
| MOKEHINDE | RAHAMATALAI | 45290 | RESIDENT | 10/30/1976 | 28 | F | B | 06/22/2003 |
| MOORE III | FORREST | 45290 | FELLOW PHYSICIAN | 08/12/1969 | 35 | M | C | 08/01/2001 |
| MOSELEY | MARK | 45290 | RESIDENT | 01/17/1975 | 29 | M | C | 06/23/2002 |
| MUKKAMALA | NEENA | 45290 | RESIDENT | 08/30/1975 | 29 | F | O | 06/22/2003 |
| NAIN | RAJEV | 45290 | RESIDENT | 09/13/1974 | 30 | M | O | 07/01/2000 |
| NAQVI | FATIMA | 45290 | RESIDENT | 11/07/1974 | 30 | F | O | 07/01/2000 |
| NARAN | KETAN | 45290 | RESIDENT | 03/01/1977 | 27 | M | O | 06/22/2003 |
| NEFF | RYAN | 45290 | RESIDENT | 10/08/1975 | 29 | M | C | 07/01/2001 |
| NGUYEN | SON | 45290 | RESIDENT | 11/29/1975 | 29 | M | O | 06/22/2003 |
| NOMURA | JASON | 45290 | RESIDENT | 10/25/1976 | 28 | M | O | 06/22/2003 |
| NORDONE | DANIELLE | 45290 | RESIDENT | 09/23/1974 | 30 | F | C | 06/23/2002 |
| NSEREKO | MIREMBE | 45290 | PHARMACIST RESIDENT | 12/19/1977 | 27 | F | B | 06/22/2003 |
| OCHELTREE | THOMAS | 45290 | RESIDENT | 10/24/1970 | 34 | M | C | 06/23/2002 |
| O'CONNOR | JULIE | 45290 | RESIDENT | 01/17/1977 | 27 | F | C | 06/22/2003 |
| ORTIZ II | CARLOS | 45290 | RESIDENT | 09/25/1975 | 29 | M | E | 06/22/2003 |
| ORYN | DANIELLE | 45290 | RESIDENT | 12/09/1975 | 29 | F | C | 06/23/2002 |
| OTTENBACHER | WENDY | 45290 | RESIDENT | 08/21/1974 | 30 | F | C | 07/01/2001 |
| OWENS | JOHN | 45290 | FELLOW PHYSICIAN | 09/19/1971 | 33 | M | C | 07/01/2000 |
| PATEL | HIREN | 45290 | RESIDENT | 08/05/1978 | 26 | M | O | 06/22/2003 |
| PATEL | SETUL | 45290 | RESIDENT | 08/28/1977 | 27 | M | O | 06/22/2003 |
| PATEL | PARAG | 45290 | RESIDENT | 04/18/1976 | 28 | M | O | 07/01/2001 |
| PEPPARD | HEATHER | 45290 | RESIDENT | 08/11/1974 | 30 | F | C | 06/22/2003 |
| PERRI | JAMES | 45290 | RESIDENT | 01/31/1972 | 32 | M | C | 07/01/2001 |
| PESEK-MCCOY | MICHELLE | 45290 | RESIDENT | 10/21/1975 | 29 | F | E | 06/23/2002 |
| PLAYER | MARTY | 45290 | FELLOW PHYSICIAN | 03/31/1974 | 30 | M | C | 07/01/2001 |

**B-0059**

D0376
CONFIDENTIAL

Residents.xls

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PRICE | ALI | 45290 | RESIDENT | 12/17/1976 | 28 | F | C | 06/23/2002 |
| PYRROS | AYIS | 45290 | RESIDENT | 06/21/1977 | 27 | M | C | 06/22/2003 |
| RANA | NABEEL | 45290 | RESIDENT | 04/21/1978 | 26 | M | O | 06/23/2002 |
| REICH | SCOTT | 45290 | RESIDENT | 05/30/1976 | 28 | M | C | 06/22/2003 |
| RESNIK | REBECCA | 45290 | RESIDENT | 04/26/1970 | 34 | F | C | 06/23/2002 |
| RIM | JEAN | 45290 | RESIDENT | 02/23/1973 | 31 | F | O | 06/22/2003 |
| RITZ | KENDALL | 45290 | RESIDENT | 06/24/1974 | 30 | F | C | 06/23/2002 |
| ROBINSON | MARIA | 45290 | RESIDENT | 07/13/1977 | 27 | F | E | 06/22/2003 |
| RODRIGUEZ | MARIEVE | 45290 | RESIDENT | 03/20/1971 | 33 | F | E | 06/22/2003 |
| ROGERS | JEREMY | 45290 | RESIDENT | 11/13/1976 | 28 | M | C | 06/22/2003 |
| ROSENSTEIN | DAVID | 45290 | RESIDENT | 06/29/1969 | 35 | M | C | 06/23/2002 |
| ROSS | KERRY | 45290 | RESIDENT | 07/16/1964 | 40 | M | C | 06/22/2003 |
| RYCKMAN | KIMBERLY | 45290 | RESIDENT | 08/13/1975 | 29 | F | C | 06/23/2002 |
| RYCKMAN | JON | 45290 | RESIDENT | 04/08/1975 | 29 | M | C | 07/01/2001 |
| SAEED | IMRAN | 45290 | RESIDENT | 05/10/1977 | 27 | M | O | 06/23/2002 |
| SAHM | KATHERINE | 45290 | RESIDENT | 01/14/1972 | 32 | F | C | 07/01/2000 |
| SAMBANDAN | PRIYA | 45290 | RESIDENT | 11/02/1977 | 27 | F | O | 06/22/2003 |
| SANTARELLI | GREGORY | 45290 | RESIDENT | 07/12/1972 | 32 | M | C | 07/01/2000 |
| SAWHNEY | JASWIN | 45290 | RESIDENT | 05/05/1973 | 31 | M | O | 07/01/1999 |
| SCHARTMAN | JEROME | 45290 | RESIDENT | 08/29/1972 | 32 | M | C | 06/22/2003 |
| SCHRENK | JAIME | 45290 | RESIDENT | 03/11/1976 | 28 | F | C | 06/22/2003 |
| SHAPRIO | JEFFREY | 45290 | RESIDENT | 02/03/1977 | 27 | M | C | 06/22/2003 |
| SHAY | ELAINE | 45290 | RESIDENT | 02/02/1978 | 26 | F | O | 06/22/2003 |
| SHEN | MIAN | 45290 | RESIDENT | 06/03/1975 | 29 | F | O | 06/22/2003 |
| SHENBAGAMURTHI | SRIKALA | 45290 | RESIDENT | 03/10/1978 | 26 | F | O | 07/01/2001 |
| SHIROFF | ADAM | 45290 | RESIDENT | 09/17/1975 | 29 | M | C | 06/23/2002 |
| SILER-FISHER | ANGELA | 45290 | RESIDENT | 03/20/1971 | 33 | F | C | 07/01/2001 |
| SIMPSON | PAMELA | 45290 | RESIDENT | 07/24/1975 | 29 | F | C | 07/01/2001 |
| SINGH | SHVETA | 45290 | RESIDENT | 08/12/1973 | 31 | F | O | 06/22/2003 |
| SISK | THOMAS | 45290 | RESIDENT | 11/05/1974 | 30 | M | C | 06/23/2002 |
| SO | ANDREW | 45290 | RESIDENT | 10/11/1974 | 30 | M | O | 06/23/2002 |
| SPENCER | SAMANTHA | 45290 | RESIDENT | 06/18/1973 | 31 | F | C | 07/01/2000 |
| SPERBERG | JASON | 45290 | RESIDENT | 07/08/1976 | 28 | M | C | 06/22/2003 |
| SPIEGEL | JENNIFER | 45290 | RESIDENT | 12/15/1972 | 32 | F | C | 06/22/2003 |
| STEINES | IAN | 45290 | RESIDENT | 12/16/1973 | 31 | M | C | 07/01/2001 |
| STRAIGHT | ALEXANDRA | 45290 | RESIDENT | 11/26/1974 | 30 | F | C | 07/01/2001 |
| STURROCK | KELLEY | 45290 | RESIDENT | 11/18/1974 | 30 | F | C | 07/01/2000 |
| SYED | SATTAR | 45290 | RESIDENT | 10/25/1973 | 31 | M | O | 06/22/2003 |
| THOMAS | DIA-JEANETTE | 45290 | PHARMACIST RESIDENT | 07/15/1977 | 27 | F | B | 06/22/2003 |
| THOMPSON | SUSAN | 45290 | RESIDENT | 12/18/1972 | 32 | F | C | 06/23/2002 |
| TORREGIANI | SETH | 45290 | RESIDENT | 12/19/1968 | 36 | M | C | 06/23/2002 |
| TRIGUEROS | DENNIS | 45290 | RESIDENT | 03/13/1974 | 30 | M | E | 06/23/2002 |
| TROST | STEPHANIE | 45290 | RESIDENT | 08/26/1975 | 29 | F | C | 07/01/2001 |
| TUGGLE | LYNN | 45290 | RESIDENT | 12/07/1974 | 30 | M | B | 06/22/2003 |
| TUTTLE | MICHAEL | 45290 | RESIDENT | 12/08/1974 | 30 | M | C | 06/22/2003 |
| UDUHIRI | KELECHI | 45290 | RESIDENT | 10/25/1973 | 31 | F | B | 06/22/2003 |
| VALLE | CHRISTOPHER | 45290 | RESIDENT | 10/09/1972 | 32 | M | C | 07/01/2001 |
| VANDOVER | JOHN | 45290 | RESIDENT | 02/08/1972 | 32 | M | C | 07/01/2000 |
| WEINER | SAMUEL | 45290 | RESIDENT | 06/12/1975 | 29 | M | C | 07/01/2001 |
| WHALEN | DAVID | 45290 | RESIDENT | 09/27/1975 | 29 | M | C | 06/22/2003 |
| WING | STEVEN | 45290 | RESIDENT | 06/24/1974 | 30 | M | C | 07/01/2001 |
| WU | ULYSSES | 45290 | RESIDENT | 07/14/1970 | 34 | M | O | 07/01/2001 |

**B-0060**

D0377
CONFIDENTIAL

Residents.xls

| YOUNG | ROBERT | 45290 | RESIDENT | 08/14/1975 | 29 | M | O | 06/23/2002 |
|-------|--------|-------|----------|------------|----|---|---|------------|
| ZECHMAN | ELLEN | 45290 | RESIDENT | 01/18/1957 | 47 | F | C | 06/23/2002 |

**B-0061**

Christiana Care Health System Confidential

D0378
CONFIDENTIAL

09/15/2 PAGE 04
10/03/2003  14:17   12526349841                    COASTALARTRITIS           NB134

# CERTIFICATION OF HEALTH CARE PROVIDER
### (Family and Medical Leave Act of 1993)

1. Employee's Name: *Ellen Huffman Zechman*

2. Patient's Name (if different from employee): *As Above*

3. The attached sheet describes what is meant by a "**serious health condition**" under the Family and Medical Leave Act. Does the patient's condition qualify under any of the categories described? If so, please check the applicable category.

   (1)___ (2)___ (3)___ (4)✓ (5)___ (6)___    or

   None of the above ___

4. Describe the medical facts which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:

   *Chronic Condition :*

   *1. Continues over an extended period of time including recurring episodes of a single underlying condition*

   *2. May cause episodic periods of illness rather than continuing period of incapacity*

RECEIVED
OCT 0 3 2003
BY CHR-EHS

**B-0062**

Margolis Edelstein
Zechman, E. v. Christiana Care
0226

09/15/2004  06:36 PAX  04204 747                                    PAGE  05
10/03/2003  14:17    1252534    1          COASTALARTRIT

5. a.   State the approximate date the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present **incapacity** if different):

*Exacerbation of Left Leg Numbness began Sept 20, 2003*

b.   Will it be necessary for the employee to take work only **intermittently** or to **work on a less than a full schedule** as a result of the condition (including for treatment described in Item 6 below)? _____

If yes, give the probable duration: *This cannot be predicted each episode must be addressed with the problems presenting with that particular episode*

c.   If the condition is a **chronic condition** (condition #4) or pregnancy, state whether the patient is presently incapacitated and the likely duration and frequency of episodes if incapacity:

*Unknown for duration + Frequency - each episode must be individually addressed.*

6. a.   If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments. *Unknown. treatments and interventions are directly related to exacerbations and problems particular*

If the patient will be absent from work or other daily activities because of *to each* treatment or on an intermittent or part-time basis, also provide an estimate of *exacerba* the probable number and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery, if any:

*Unknown each treatment and duration of treatment is unique to the presenting problem with each exacerbation.*

b.   If any of these treatments will be provided by another provider of health services (e.g., physical therapist), please state the nature of the treatments.

*At times depending on the particular need of the presenting problem*

**B-0063**

Margolis Edelstein
Zechman, E. v. Christiana Care
0227

10/03/2003  14:17    1252634??1    COASTALARTRIT    PAGE  06

c.  If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requiring special equipment):

*Patient is under supervision indefinately. Regimen of care is individualized to each exacerbation and cannot be predicted in advance.*

1) *Non Steroidal Anti inflammatory Drugs    3. Muscle Relaxation - 5cm. at Night*
2) *Occasional Prednisone*

7. a.  If medical leave is required for the employee's absence from work because of the employee's own condition (including absences due to pregnancy or a chronic condition), is the employee unable to perform work of any kind? _____

*This is individual and unique to the particular episode and cannot be predicted in advance.*

b.  If able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job (please see the attached list of essential job functions)? _____ If yes, please list the essential functions the employee is unable to perform:

*This cannot be predicted in advance*

c.  If neither a. or b. applies, is it necessary for the employee to be absent from work for treatment? _____ *This is dependent on the episode and presenting problem at that time.*

N/A 8a.  If leave is required to care for a family member of the employee with a serious health condition, does the patient require assistance for basic medical or personal needs or safety, or for transportation? _____

N/A b.  If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery? _____

B-0064

Margolis Edelstein
Zechman, E. v. Christiana Care
0228

c.  If the patient will need care only intermittently or on a part-time basis, please
    indicate the probable duration of this need:

    *There is no way to predict this
    Each exacerbation must be addressed individually
    to meet the medical needs of the presenting
    problem.*

_____         R H E U M A T O L O G Y
(Signature of Health Care Provider)                    (Type of Practice)


1406 GLENSE    NEW BERN, N.C.              252-634-9400
(Address)                                        (Telephone number)


**To be completed by the employee needing the family leave to care for a family member:**

State the care you will provide and an estimate of the period during which care will be
provided, including a schedule if leave is to be taken intermittently or if it will be
necessary for you to work less than a full schedule:

    *N/A*


                                                          **B-0065**


(Employee Signature)                                     (Date)

Margolis Edelstein
Zechman, E. v. Christiana Care
0229

A "Serious Health Condition" means an illness, injury, impairment, or physical or mental condition that involves one of the following:

1.  **Hospital Care**

    Inpatient care (i.e., an overnight stay) in a hospital, hospice, or residential medical care facility, including any period of incapacity or subsequent treatment in connection with or consequent to such inpatient care.

2.  **Absence Plus Treatment**

    (a)  A period of incapacity of more than three consecutive calendar days (including any subsequent treatment or period of incapacity relating to the same condition), that also involves:

        (1)  Treatment two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or

        (2)  Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

3.  **Pregnancy**

    Any period of incapacity due to pregnancy, or for prenatal care

4.  **Chronic Conditions Requiring Treatments**

    A chronic condition which:

        (1)  Requires periodic visits for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider;

        (2)  Continues over an extended period of time (including recurring episodes of a single underlying condition); and

        (3)  May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.)

**B-0066**

Margolis Edelstein
Zechman, E. v. Christiana Care
0230

5.    Permanent/Long-Term Conditions Requiring Supervision

A period of incapacity which is **permanent or long-term** due to a condition for which treatment may not be effective. The employee or family member must be **under the continuing supervision of, but need not be receiving active treatment by, a health care provider.** Examples include Alzheimer's, a severe stroke, or the terminal stages of a disease.

6.    Multiple Treatments (Non-Chronic Conditions)

Any period of absence to receive multiple treatments (including any period of recovery therefrom) by a health care provider or by a provider of health care services under orders of, or on the referral by, a health care provider, either for restorative surgery after an accident or other injury, or for a condition that would likely result in a period of incapacity of more than three consecutive calendar days in the absence of medical intervention or treatment, such as cancer (chemotherapy, radiation, etc.), severe arthritis (physical therapy), kidney disease (dialysis).

B-0067

Margolis Edelstein
Zeehman, E. v. Christiana Care
0231

*President*



## Christiana Care
### HEALTH SERVICES

### Employee Health Services

To: _____   *Academic Affairs*
    **Manager/Supervisor**

From:   **Employee Health Services**

Date:

Re:     **FMLA Approval/Denial**

On  10/03/03 , we were provided with a *Certification of Health Care Provider*

form for  *Ellen HUFFMAN ZECHMAN* . Following is a result of our review:

☐ Not approved (See Comments below)

☒ Approved for:
    ☐  Leave of Absence
       Expected duration of leave _____

    ☒  Intermittent Time including Reduced Work Schedule

☐   FMLA qualifying for the employee's own serious health condition

☐   FMLA qualifying for the serious health condition of an immediate family member

    ☐ Parent _____   ☐ Spouse  ☐ Child _____

Comments: _____

_____

Reviewed by:  *C Collins ARNP*          Date:  10/6/03

CC:   Employee Relations

**B-0068**

Margolis Edelstein
Zechman, E. v. Christiana Care
0232

# Coastal Arthritis and Rheumatism Associates, PA.

### David D. Fraser, MA, MD, FACP, FACR
*Board Certified Internal Medicine*
*Board Certified Rheumatology*

1126B Kellum Loop Rd.
Jacksonville, NC 28546

Phone (910) 577-0177
Fax     (910) 577-0183

**www.coastalarthritis.com**

May 7, 2006

Lori A. Brewington, Esq.
Margolis-Edelstein
Delaware Office
1509 Gifpin Ave.
Wilmington, DE 19806

Re:    Dr. Ellen Zechman
       NB134
       Your C.A. No. 05-159

Dear Ms. Brewington,

Dr. Zechman has been a patient of mine for several years. I initially saw her as a patient in 1995. She was diagnosed with an Unspecified Diffuse Connective Tissue Disease and a Chronic Pain Syndrome. In addition she has had difficulties with Myofascial Pain, Low Back Pain, Pleurisy, Sicca (dryness to her mouth and eyes), Raynaud's, Fatigue, and recurrent Sciatica. Patient also presented with a possible Lumbar Radiculopathy in September of 2003.

I have seen Dr Zechman as a patient about every 6 months or so. About the time of her OBG Residency in Delaware I did notice an increase in her visits and her symptoms. In 2002 I saw Dr. Zechman as a patient on 12/20/02. In 2003 I saw Dr. Zechman as a patient on 4/1/03, 5/23/03, 8/8/03, 9/22/03, 10/3/03, 10/15/03, and 11/12/03.

Upon seeing Dr. Zechman in December of 2002, she was in the middle of her second year as an OBG resident. She was working hard but having increasing difficulties with fevers, fatigue, aphthous ulcers, and muscle pain. These symptoms were perfectly compatible with her Connective Tissue Disease symptoms and complaints from previous years. These symptoms progressed as she was under a significant amount of stress. Dr. Zechman also confided in me the stress she was under from her fellow residents and the attending physicians. Her symptoms progressed and she required intermittent steroids to control her disease. Despite her obvious flares in her disease process, Dr. Zechman ardently wished to continue her work in Delaware and complete her residency.

**B-0069**

By August of 2003, the situation had become tenuous at best according to Dr. Zechman. She felt pressured by the attending and communicated to me she thought the attending physicians wanted her to quit the program. Again she told me she wants to "hang in there" and she has made it almost half-way through her residency. She wanted me to communicate my findings and impression with the head of her program in Delaware and I did this both verbally and by a written questionnaire. I also recommended an alteration in her work schedule as a resident as I believed Dr. Zechman's work load was detrimental for her health at that time. I was told there could be some "rearrangements" to Dr. Zechman's schedule that would still permit her to function and complete her residency requirements.

For her disease flares and Connective Tissue Disease symptoms, Dr. Zechman was treated with various NSAIDs, muscle relaxants, intermittent steroids, a medicine for insomnia called Ambien, a mouth wash called Dukes Magic Mouth Wash, and a medicine for fatigue called Provigil.

In September of 2003, Dr. Zechman suffered an injury to her lower back lifting patio furniture off her deck in preparation for an ensuing hurricane. This injury was not related to her work, however, its evaluation, treatment and recovery did significantly impact her work schedule. She missed a significant amount of work from this injury. MRI of her back did show significant damage and arthritis to her lower lumbar area. Dr. Zechamn was treated with high doses of steroids and muscle relaxants. I suggested an Epidural steroids injection to her back but she was worried about work related problems from having to have this procedure. I also started an anti-depressant, Wellbutrin, at that time as well.

It is my opinion that Dr. Zechman's work conditions as a resident while in Delaware, and the resultant stress encountered was, at least partially, responsible for her numerous and ever increasing disease flares. Although her back injury was not related to her employment as a resident, it did interfere with her normal duties and the day to day functioning of her work place. For this reason, the stress she encountered from her job due to this injury did significantly impact her health causing further disease flares.

Thank you for your consideration.

Best Regards,

David D. Fraser, MA, MD, FACP, FACR



CHRISTIANA CARE
HEALTH SERVICES

4755 Ogletown-Stanton Road
PO Box 6001
Newark, Delaware 19718-6001

July 28, 2006

Ms. Barbara McIlwain, Investigator
Department of Labor, Employment Standards Administration
Wage and Hour Division
780 Presidential Building
6525 Belcrest Road
Hyattsville, MD 20782

RE: Zechman FMLA Case #1430258

Dear Ms. McIlwain:

I am in receipt of your letter regarding the above case and the enclosed Wage and Hour
Form WH-56 "Summary of Unpaid Wages." I am assuming that your agency has
somehow concluded that Christiana Care has violated the FMLA and owes back wages to
Dr. Zechman.

Christiana Care Health Services strongly contests any such finding, as there is simply no
factual or legal basis for a finding liability under the FMLA in this case, nor do we
believe that there is any basis for calculating Dr. Zechman's alleged damages in the
manner calculated by your department.

If you have any questions please feel free to contact me at 302-428-5729. Thank you.

Sincerely,

Michelle Eklund

Michelle Eklund, MBA
Senior Employee Relations Representative

B-0071

D01100
CONFIDENTIAL

# MESSAGE CONFIRMATION

07/28/2006  14:44
ID=HUMAN RESOURCES

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | |
|------|----------|--------------------|------|-------|--------|--|
| 07/28 | 00'00" | 813014264222 | TX | 00 | BUSY | 10A2 |

07/28/2006    14:40    HUMAN RESOURCES → 813014264222    NO.999    D01

Wilmington Hospital
501 West 14th Street
P.O. Box 1668
302-428-5729 phone
302-428-4130 fax

**Christiana Care
Health System**



| To: | Barbara McIlwain Department of Labor | From: | Michelle Eklund |
|-----|------|------|------|
| Fax: | 301-426-4222 | Pages: | |
| Phone: | | Date: | 07/28/2006 |
| Re: | | CC: | |

**B-0072**

☐ Urgent   ☑ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

Original letter mailed via U.S. Postal Service on 7/28/06

D01102
CONFIDENTIAL

**U.S. DEPARTMENT OF LABOR** EMPLOYMENT STANDARDS ADMINISTRATION

Wage and Hour Division
6525 Belcrest Road, Suite 560
Hyattsville, MD 20782
(301) 436-6767
(301) 426-4222

July 10, 2006

CHRISTIANA CARE Health Services
Attention: Michelle Eklund, SR., ERS
4755 Ogletown-Stanton Road
Newark, Delaware 19718

Subject: <u>Back wage Payment Regarding FMLA Case #1430258</u>
Complainant: Ellen Zechman

Dear Ms. Eklund:

Pursuant to our discussion regarding Ellen Zechman's requests for Family Medical Leave Act (FMLA) and Christiana Care's failure to advise and notify her of her rights under the Act, please find enclosed Wage and Hour Form WH-56 "Summary of Unpaid Wages" and a separate letter setting forth specific instructions on providing evidence of payment to the Wage and Hour Division with respect to the above-referenced case.

Please sign at the bottom left hand corner of the "Summary of Unpaid Wages" and return the signed copy to this office as soon as possible.

Also, I have enclosed a Wage and Hour Form WH-58 "Receipt of Payment of Lost or Denied Wages or Other Compensation" to be used for payment to Ms. Zechman, listed on the face of the WH-56. A separate page is included with this package entitled "Instructions for the Use of Official Receipts".

Thank you for your cooperation in this matter. If you have further questions, please do not hesitate to call me @ 301-436-6768, extension 22.

Barbara McIlwain
Investigator

B-0073

D01103
CONFIDENTIAL

## Summary of Unpaid Wages

**U.S. Department of Labor**
Employment Standards Administration

Wage and Hour Division



| ( Office Address) | Baltimore MD District Office<br>207 Appraisers Stores Building<br>103 South Gay Street<br>Baltimore, MD 21202<br>410-962-2240 | Investigator:<br>**Barbara McIlwain** | Date:<br>**06/28/2006** |
|---|---|---|---|
| | | Employer Fed Tax ID Number   **51-0103684** | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| *Huffman Zechman, Ellen* | *502 Emman Road*<br>*New Bern, NC  28562* | 01/10/2004<br>to    07/03/2004 | | $20,623.36 |
| | | | | |

**B-0074**

| I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by<br><br>Signed: _____ | Employer Name and Address:<br><br>*Christiana Care Hospital*<br>*Christina Care Health Services*<br>*4755 Ogletown Stanton Road*<br><br>*Newark, DE 19718* | TOTAL | $20,623.36 |
|---|---|---|---|
| | | ° Column 4-Code<br>FLSA    1<br>PCA    2<br>SCA    3<br>DBRA    4<br>CWHSSA    5<br>CCPA    6<br>FMLA    7 | |

Form WH-56

# U.S. Department of Labor

Employment Standards Administration
Wage and Hour Division

The summary on the reverse side represents unpaid wages due your present or former employees under the Fair Labor Standards Act (FLSA-1), the Public Contracts Act (PCA-2), the Service Contract Act (SCA-3), the Davis-Bacon and Related Acts (DBRA-4), the Contract Work Hours and Safety Standards Act (CWHSSA-5), or the Consumer Credit Protection Act (CCPA-6), as indicated by code number(s) shown in column 4. An employee paid in full under our supervision waives any further right provided under section 16(b) of the Fair Labor Standards Act for recovery of such unpaid wages and an equal amount as liquidated damages.

## INSTRUCTION FOR THE USE OF OFFICIAL RECEIPTS

(1) Official Receipts (Forms WH-58). - A receipt in triplicate is to be used for payment of each employee listed on the face of this sheet. Unless already shown on the forms, enter the employee's name, the name and address of the establishment, the period covered, the gross amount due, and mark(x) the Act or Acts involved in the boxes provided for this purpose on the receipt form. All of this information can be obtained from the Summary of Unpaid Wages. Also, compute and enter the deductions required by law, such as Social Security and taxes, and the net amount to be paid. One of the copies of the receipt is for the employee. The original and one copy are to be signed and dated by the employee at the time of payment. Keep the copy for your files. Complete the certification on the original and send it to the address shown on the reverse side of this instruction sheet. Receipts are to be forwarded as payment is made. The amount paid each employee, the period covered by the payment and the date of payment must be shown in your records.

(2) Payment to a Third Party.- Payment may be made to a third party legally entitled to receive it on the behalf of the employee. This includes heirs and administrators of the estate of a deceased person. The name of the employee and the signature of the person receiving the payment for him/her shall be entered on the receipt on the space for signature of employee.

(3) Former Employees. - Receipt forms and a check should be mailed to the last-known address of each former employee listed. It is suggested that a self-addressed envelope be enclosed, together with a request that the original and one copy be signed, dated and returned to you immediately. If a former employee fails to return the receipt forms, the cancelled check should be kept as evidence of payment. Notify the Division of the name endorsed on the check and the date of bank clearance.

(4) Unlocated Former Employees. - On or before the completion date shown, furnish a list showing the name, last-known address, Social Security number and the gross amount due each former employee who could not be located. Attach any envelope(remove contents, please) returned undelivered by the Post Office. You will be notified of any further action that may be required in the disposition of these back wage amounts.

(5) Unpaid Wages Due Under Government Contract Statutes. - Amounts Due under Government contract statutes (codes 2,3,4,5) (or concurrently under the Fair Labor Standards Act) must be paid either to the employees involved or to the United States Government. Payments to employees are to be handled in the same manner as those due solely under the Fair Labor Standards Act. However, within 30 days after you submit a list of those who could not be located for payment, you will be required to furnish a certified check made payable to "Wage and Hour Division, Labor" for the amount remaining unpaid. You will be notified of the amount of the check and the names of the employees involved. Where funds payable under the contract have been withheld to meet the employer's back wage liability or where the employer pays the amount due to the United States Government pursuant to an administrative settlement under these statutes, back wages that cannot be disbursed to the employees involved will be retained in the United States Treasury and will not be returned to the employer.

If you have any questions please contact the Division at the address shown on the reverse side.

B-0075

D01105
CONFIDENTIAL

# MESSAGE CONFIRMATION

07/27/2006  12:32

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | |
|------|----------|--------------------|------|-------|--------|--|
| 07.27 | 00'43" | HUMAN RESOURCES | TX | 05 | OK | 3000 |

07/27/2006    12:31

NO.348    P01



## U.S. DEPARTMENT OF LABOR EMPLOYMENT STANDARDS ADMINISTRATION
Wage and Hour Division
6525 Belcrest Road, Suite 560
Hyattsville, MD 20782
(301) 436-6767
(301) 426-4222

July 10, 2006

CHRISTIANA CARE Health Services
Attention: Michelle Eklund, SR., ERS
4755 Ogletown-Stanton Road
Newark, Delaware 19718

**B-0076**

Subject:  Back wage Payment Regarding FMLA Case #1430258
Complainant: Ellen Zechman

D01106
CONFIDENTIAL

Dear Ms. Eklund:

Pursuant to our discussion regarding Ellen Zechman's requests for Family Medical Leave Act
(FMLA) and Christiana Care's failure to advise and notify her of her rights under the Act, please